STATE OF OREGON,
*Appellant,*

*v.*

RONALD RAY DART,
*Respondent.*

(M360982; CA A44457 (Control))


STATE OF OREGON,
*Appellant,*

*v.*

KELLY JOE CUNNINGHAM,
*Respondent.*

(M454385; CA A44458)


STATE OF OREGON,
*Appellant,*

*v.*

WILLIAM D. FUNDERBURGH,
*Respondent.*

(M823445; CA A44459)


STATE OF OREGON,
*Appellant,*

*v.*

IRWIN HARCOURT GREENIDGE,
*Respondent.*

(M824954; CA AA44461)


STATE OF OREGON,
*Appellant,*

*v.*

JON LYNN GROSS,
*Respondent.*

(M815895; CA A44462)

STATE OF OREGON,
*Appellant,*

*v.*

JAMES FRANKLIN HERROD, JR.,
*Respondent.*

(M743776; CA A44463)

STATE OF OREGON,
*Appellant,*

*v.*

GREGORY WALLACE MURPHY,
*Respondent.*

(M830887; CA A44466)

STATE OF OREGON,
*Appellant,*

*v.*

ALEXANDER PETERSON,
*Respondent.*

(M829232; CA A44467)

STATE OF OREGON,
*Appellant,*

*v.*

CHRISTOPHER M. SMITH,
*Respondent.*

(M460798; CA A44468)

STATE OF OREGON,
*Appellant,*

*v.*

DARCEY ROBERT VISGER,
*Respondent.*

(M765528; CA A44469)
(Cases consolidated)

741 P2d 538

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Michael E. Rose, Portland, argued the cause for respondents. With him on the brief was Ann S. Christian, Portland. Ann B. Witte, Portland, joined in the brief on behalf of respondent Irwin Harcourt Greenidge.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Warren, Judge.

PER CURIAM

## PER CURIAM

These are consolidated appeals in which the state seeks reversal of the trial court's orders suppressing evidence of Intoxilyzer test results against defendants, who are charged with DUII. Defendants advance a number of arguments for sustaining the orders, the thrust of which is that the Intoxilyzer Model 4011A used by the state does not comply with and was not approved for use in accordance with applicable statutory and regulatory requirements. None of those arguments has merit. We hold that Intoxilyzer Model 4011A and the method by which its use was authorized satisfy all requirements of the relevant statutes and rule.[1] The trial courts erred by suppressing the evidence.

Reversed and remanded.

---

[1] We base our decision on the merits of the parties' arguments pertaining to the statutes and rule which were in effect at the times when defendants were tested or which had been in effect previously and were relevant at the times of the tests. Because we decide the case on that basis, we do not address the parties' arguments relating to other matters.